## Ansley *vs.* Hart.

1. A marshal's deed, conveying property sold under a *fi. fa.*, was not inadmissible in evidence because it was signed, "James Longstreet, United States Marshal, Southern Dist. of Georgia, by A. R. Wright, deputy."

2. A record showing that a petition had been filed against the claimant of property, by a party not connected with the present case, for the purpose of having a *fi. fa.* which had been transferred to her by virtue of a sale under which she claimed title entered satisfied, and that a consent decree had been taken declaring it not satisfied, was not admissible in evidence on behalf of the claimant, but was irrelevant to the issue on trial; but its admission was not such error as to work injury to either party or to require a new trial.

3. The exceptions to the charge of the court are without merit. and the issues were fairly and fully submitted to the jury.

April 27, 1886.

Deeds. Evidence. Levy and Sale. Before Judge FORT. Schley Superior Court. September Term, 1885.

To the report contained in the decision, it is necessary to add only that the marshal's deed on which the claimant relied was signed, " James Longstreet, United States Marshal, Southern Dist. of Ga., by A. R. Wright, deputy." This was objected to on the ground that the deputy had ·no authority to execute the deed, but it should have been executed by the marshal himself, and that no authority to make or sign such deed by the deputy accompanied it. The objection was overruled, and error was assigned thereon.

The claimant offered in evidence a proceeding had before the United States Circuit Court on the petition of A. F. Wiggins and D. F. Hart vs. Mrs. M. E. Hart, the present claimant, for the purpose of having the Armstrong *fi. fa.* entered satisfied and cancelled, resulting in a judgment refusing the petition and holding that the *fi. fa.* was not satisfied. This was objected to on the ground that it was between other parties, and that the present plaintiff was no party thereto. The objection was overruled, and this formed another ground of exception.

J. C. MATHEWS; J. A. ANSLEY, by brief, for plaintiff in error.

B. B. HINTON, for defendant.

BLANDFORD, Justice.

This was a claim case, and the facts submitted show that one Armstrong obtained a judgment in the Circuit Court of the United States against I. N. Hart & Co.; that D. F. Hart was one of the company. The property here claimed was levied on and sold under an execution which issued on said judgment. It was sold and purchased by one Wilson. The execution not being fully paid off, Wilson purchased it and had the same transferred to himself, he sold, and conveyed the land to Shepherd and Parker; they conveyed the land to D. F. Hart. Mrs. M. E. Hart pur

chased the *fi. fa.* from Shepherd and Parker and had the land sold, and she purchased the same at the marshal's sale. The land was then levied on by an execution in favor of Ansley against I. N. Hart, and Mrs. M. E. Hart interposed a claim to the same, she deriving her title as set forth above. The jury found the issue in favor of Mrs. M. E. Hart. There was no motion for a new trial made in the case.

Exceptions were taken at the trial to the rulings of the court.

1. The first exception is that the court erred in admitting the marshal's deed to the land to Mrs. M. E. Hart, because the deed was signed by Marshal Longstreet, by another as his deputy.

We can see nothing in this ground: there does not appear to be any valid objection to this evidence.

2. The second ground is that the court erred in allowing claimant to put in evidence a proceeding between Wiggins and herself to have the execution which she had purchased entered satisfied, and the judgment thereon.

We think that the court erred in this, because the evidence was irrelevant and immaterial to the issue on trial, but this did neither party any good or harm, so we think it was an immaterial error, which will not work a reversal of the case.

3. There are various exceptions to charges of the court, and to the whole charge, which we think are wholly without foundation. The case appears to have been tried with great care and caution upon the part of the court, and all the issues were fairly submitted to the jury, and they were fairly and fully instructed as to the law bearing thereon.

Judgment affirmed.